*BENNINGTON,*
*February,*
*1834*

Wellman
*vs.*
Bulkley.

---

## NICHOLS and WIFE *vs.* BATES.

*BENNINGTON,*
*February,*
*1834.*

In a suit brought by the heir against the sureties of a deceased administrator, to recover a distributive share of the estate, an office copy of an informal division made by a committee appointed to divide the estate, accepted by the court of probate and recorded, and recognized by the administrator as a division, may be received in evidence under the pleas of *nul tiel record* and payment.

The opinion of the court furnishes a full statement of the case, save the bill of exceptions shows that the defendant offered in evidence the copy of an inventory of the estate in question, which was admitted by the court.

The copy of the division of the estate from the probate office adverted to, is in substance as follows:

In pursuance of the commission to us directed, we sever and divide the real estate of John V. Stevens, deceased, lying in common with John Mooar, as follows, viz:—To John Mooar we divide and set off the south part of the lot he now lives on, bounded as follows, &c.

And to said Stevens' widow and heirs, we set off and divide to them all the home lot, so called, lying south of the above mentioned division line, containing about twenty acres, bounded, &c.                  JESSE BLACKINGTON, ⎫
                  SAMUEL WRIGHT,      ⎬ *Com'rs.*
                  JOSIAH DUNNING,     ⎭
Pownal, Sept. 5, 1808.

*Bennington Probate District, 2d April,* 1810.
The above examined and allowed by
                  JOSIAH WRIGHT, *Probate Judge.*
     Recorded by          JONA. E. ROBINSON, *Register.*

| | | | | |
|---|---|---|---|---|
| The amount of the inventory of the estate of John V. Stevens, late of Pownal, deceased, is | | | | $3417 40 |
| Grave-stones, keeping young children, and expense of settling the estate, | | $320 | 04 | |
| Bad debts, - - - - | | 220 | 00 | |
| | | | | $2877 37 |
| Widow, - - - - | | $959 | 12 | |
| Half shares, - - - - | | 1918 | 25 | |
| Female, - - - - | | 383 | 65 | |
| | | 383 | 65 | |
| | | 383 | 65 | |
| Male, - - - - | | 767 | 30 | |
| Children, - - - - | | 1918 | 25 | |
| Widow, - - - - | | 959 | 12 | |
| | | | | $2877 37 |

In pursuance of the commission to us us directed, we set off and divide the estate of John V. Stevens as hereby stated.
                  JESSE BLACKINGTON, ⎫
                  SAMUEL WRIGHT,      ⎬ *Com'rs.*
                  JOSIAH DUNNING,     ⎭
     Recorded by          J. E. ROBINSON, *Register.*
Pownal, May 28, 1810.

*D. Robinson, Jr. for defendant.*—The copy of the division ought not to have been admitted; because,

1st, It was not accepted and approved by the probate court. No appeal could have been taken from it.

2d, There was no warrant to divide personal estate.

3d, The committee were not sworn.

4th, It does not appear from the return whether the division is of real or personal estate.

5th, The committee did not appraise each article by itself. No prices are affixed to the several articles in the division, nor any particular articles assigned to each heir. It only finds the gross sum to which each heir is entitled. The administrator could not know from the return how to distribute the estate among the heirs.

6th, The committee assumed as the amount of inventory the sum of $3417,41, when the true inventory, as appears of record, is $1667,07.

7th, The proof does not support the declaration; the plaintiffs declared upon the division as accepted and approved by the probate court. The plea is *nul tiel record.* The confession of the defendant cannot supply the defects in the record.

8th, The probate court not having approved the division, it ought to appear that it was a good division in fact—that notice was given, and that all the requisites of the statute were complied with.—Probate Statute of 1797, Sec. 45.—*Clapp vs. Beardsley,* 1 Aik. R. 168.—*Kendrick et al vs. Harris,* do. do. 273.—Chip. Rep. 357.

9th, The committee, in fixing the sum to be allowed for keeping minor children, expenses of settling the estate and bad debts, exercised duties which alone could be done by the judge of probate.—Probate Stat. of 1797, Sec. 33, 34.

*J. S. Robinson, contra.*

The opinion of the court was pronounced by

Williams, Ch. J.—This is a *scire facias* brought on a judgment, rendered for the penalty of a probate bond, given by the defendant, as surety for the administrator on the estate of John W. Stevens, deceased; to which estate the said Betsey Nichols was one of the heirs.

The plaintiffs set forth as a breach of the condition of said bond, that there was a division of the estate, made by a committee, in pursuance of the statute in force at the time it was made, approved and recorded by the court of probate, and that the administrator has not paid the said Betsey Nichols her distributive share. There was a plea both of *nul tiel record* and

BENNINGTON,
*February,*
1834.

Nichols & Wife
*vs.*
Bates.

BENNINGTON,
February,
1834.

Nichols & Wife
vs.
Bates.

payment.   No evidence was given on the latter plea of any actual payment, but reliance was had on lapse of time as presumptive evidence.   A copy purporting to be a copy of record of the probate court was given in evidence under the first plea, and also the admission made by the administrator, a short time before his death, that there was a sum due to the said Betsey Nichols.   The admission was made by the administrator, having a copy of this division, which was given in evidence before him, and on making an estimate of the sum due thereon to the said Betsey Nichols, upon this evidence, was objected to.   The county court rendered judgment for the plaintiffs.   The defendant objected to the decision of the county court, and the cause comes here.   On those exceptions, several objections have been taken to the record, which would undoubtedly be fatal, were this an appeal from the decree of the court of probate, accepting the doings of the committee and making an order for recording the same.   The proceedings were evidently informal, and should have been made more full and more explicit before accepted.   It appears however to have been made in pursuance of the statute, or at least of the practice under the statute at that time, and as formal as many of the proceedings of the courts of probate at that day.   In examining those proceedings, we cannot and ought not lose sight of the fact that many of our former records were kept somewhat loosely ; each court of probate adopted a form for itself, and there were nearly as many as there were judges of probate.   It is our duty therefore, in relation to their proceedings, to give effect to them where we can, and not be too scrupulous in testing them by those of the present day, where there is more regularity in the forms and proceedings.   In this case there appears to have been a division made by a committee, and recorded by the court of probate, which was all that was required.   The committee had undoubtedly evidence before them of the amount and value of the estate, more than appeared from the inventory first returned by the administrator.   It was probably one of those estates which consisted principally of money or securities for money ; and the administrator did not attempt to enumerate the securities, or name the amount of money in the inventory by him returned.   We cannot for a moment suppose, that that the committee would have made a division, charging the administrator with the payment of money, if there was no evidence that the same was in his hands, or that the judge of probate would have

permitted such a division to be recorded, or that the adminis-
trator would have rested easy without taking an appeal. Wheth-
er a committee was necessary for the purpose of dividing this
estate, or that part of it which consisted of money, is not a ques-
tion of any importance. If a court of probate adopted that
mode for a division, and the heirs and administrators acquies-
ced therein, it was undoubtedly good. Indeed all the objec-
tions which have been urged to this record, even if well-found-
ed, would only show the proceedings of the judge of probate
to be erroneous and not void. It is further to be remarked,
that it is over twenty years since this division was made. The
heirs cannot now ascertain of what the estate did consist, as
the administrator is dead. To require a further settlement, or
any further testimony from them, would be to deprive them of
all remedy. This would be manifestly unjust, when we find
that as late as 1827 the plaintiff and administrator were togeth-
er, and having this division before them, made an estimate of
the sum due to Mrs. Nichols for her share, and the administra-
tor then ascertained and admitted there was a sum of three
hundred and nineteen dollars due her. This rebuts every pre-
sumption or inference which has been attempted to be drawn
in the argument, that the administrator was, by the committee,
charged with real estate or furniture as money, and shows most
evidently, as the plaintiffs contend, that the real estate and fur-
niture was received by the other heirs, and that this was well
understood and amicably settled at the time, leaving for the
plaintiff, Mrs. Nichols, who was then a minor, the sum admit-
ted by the administrator due in money, over and above her
share in the furniture. This division having been recorded by
the judge of probate, having been acquiesced in so long, and
recognized so recently by the administrator, we have no doubt
that it was properly received in evidence in the plea of *nul tiel
record*, and every presumption of payment by the administrator
arising from lapse of time is repelled.

The judgment of the county court is therefore affirmed.